IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICKEY RAY TAYLOR, <br> TDCJ-CID No. 02367588, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:25-CV-61-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 1) filed by Plaintiff Mickey Ray Taylor ("Taylor"), alleging violations of his civil rights under 42 U.S.C. § 1983. Taylor filed this lawsuit *pro se* while a prisoner at the Jordan Unit of the Texas Department of Criminal Justice ("TDCJ"), and subsequently was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Taylor's Complaint be DISMISSED as frivolous under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.  LEGAL ANALYSIS

**A.    Factual Background.**[1]

Taylor alleges that an unnamed employee of Securus Technologies ("Securus") violated his constitutional right to due process by confiscating his electronic tablet and failing to replace it. (ECF 1 at 4). The Securus employee denied Taylor a replacement tablet, telling Taylor that he was

---

[1]These background facts are taken from Taylor's Complaint (ECF 1) and questionnaire responses (ECF 16) and are assumed to be true for the purpose of evaluating the merits of Taylor's claims.

"blacklisted" because of damage to his tablet, which Taylor denies inflicting. (*Id*. at 6). He claims that the Securus employee conspired with prison guards to retaliate against him for filing a lawsuit against the guards in the Lubbock Division of the Northern District of Texas. (*Id*.).

Taylor filed this lawsuit against Securus and its unnamed employee. Taylor was unable to name the Securus employee he seeks to sue, despite being given an opportunity to do so in response to the Court's Briefing Order questionnaire (ECF 16). However, even if he had provided the employee's name, Taylor's claims are not cognizable and should be dismissed as frivolous.

**B.     Claims Against Securus and its Employees.**

Taylor's claims against Defendants fail at the outset because he cannot show that Defendants were state actors subject to liability under Section 1983. A plaintiff seeking to recover damages under Section 1983 must establish that a defendant acted under color of state law in violating his rights. *Daniels v. Williams*, 474 U.S. 327 (1986). A plaintiff can establish that a defendant acted under color of state law only if he can show that a defendant's actions are "fairly attributable to the state." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("Mere[] private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." (internal quotation omitted)).

When notified in the Court's Briefing Order that he must show that Defendants are state actors in order to state a viable claim against them, Taylor acknowledged that the employee was a private citizen, but claims that the employee is a state actor by virtue of his employment with Securus, who had contracted with TDCJ to provide tablets to inmates. Similarly, he seeks to sue Securus due to its contract with TDCJ. (ECF 16 at 1-2). Taylor's claims fail because he cannot show that Defendants acted with the authority of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power

3

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation omitted).

In considering claims against Securus and its employees brought by inmates, other courts have held that Securus is not a state actor subject to Section 1983 liability. *See, e.g., Aguirre v. Securus Technology*, No. 6:24-cv-141-JCB, 2024 WL 5151140 (E.D. Tex. July 29, 2024) ("[T]his court has found that the fact that Securus has contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make Securus or any of its employees state actors."), *R. &. R. adopted*, 2024 WL 5145953 (E.D. Tex. Dec. 17, 2024); *see also Keaghey v. Securus Techs. & T-Netix Inc.*, No. CV 19-12899, 2020 WL 5413581, at *2 (E.D. La. Aug. 7, 2020), *R. & R. adopted*, No. CV 19-12899, 2020 WL 5411735 (E.D. La. Sept. 9, 2020) (holding that Securus Technologies and others "are not state actors subject to liability under § 1983"); *Sims v. SecurusTech.net Connection*, No. 13-CV-5190, 2014 WL 1383084, at *5 (E.D.N.Y. Apr. 8, 2014) ("Its public contract with the Suffolk Jail does not render SecurusTech.net a 'state actor' or to be 'acting under color of state law' for purposes of Section 1983."). Taylor has not alleged any facts to suggest that Securus or its employees can be held liable in a civil rights lawsuit under 42 U.S.C. § 1983. Accordingly, these claims should be dismissed.as frivolous.

C. **Leave to Amend.**

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id*. at 768. As discussed here, Taylor fails to state a plausible claim. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege viable legal claims against any Defendant. Taylor has stated his best case in his complaint and detailed questionnaire

responses after being notified of applicable law. Under these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.[2]

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Taylor's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 31, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A

---

[2] That notwithstanding, the 14-day objection period will permit Taylor the opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).