IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICKEY RAY TAYLOR,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE, *et al.*,<br><br>      Defendants. | 2:25-CV-061-Z-BR |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 17. An Objection to the FCR has been filed. ECF No. 18. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. ECF No. 17. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is **DISMISSED with prejudice**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed the FCR on December 31, 2025. ECF No. 17. Thus, the deadline for Plaintiff to file his Objection was January 14, 2026. FED. R. CIV. P. 72(b)(2). Plaintiff's Objection was filed in ECF on January 14, 2026. ECF No. 18. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

First, Plaintiff objects that "it was unreasonable to cite *Daniels v. Williams* [474 U.S. 327 (1986)] because the proper SCOTUS case would be . . . *Adickes v. S.H. Kress & Co.*[,] 398 U.S. 144 (1970)." ECF No. 18 at 1. Plaintiff's first objection is **OVERRULED**. The FCR cites *Daniels* for the proposition that "[a] plaintiff seeking to recover damages under Section 1983 must establish that a defendant acted under color of state law in violating his rights." ECF No. 17 at 3. *Daniels* unquestionably supports that proposition. *See Daniels*, 474 U.S. at 331 ("[The] guarantee of due process has been applied to deliberate decisions *of government officials*." (emphasis added and omitted)). The fact that another earlier Supreme Court case supports the same proposition does not make it "unreasonable" to cite *Daniels*.

Second, Plaintiff objects that the FCR cited *West v. Atkins*, 487 U.S. 42 (1988) because the *West* Court came to a different conclusion on whether the defendant was a state actor. ECF No. 18 at 1. Plaintiff's second Objection is **OVERRULED**. The FCR cited *West* for the legal proposition that "a defendant acted under color of state law only if . . . defendant's actions are 'fairly attributable to the state.'" ECF No. 17 at 3. Again, this proposition is clearly supported in the case cited. *See West*, 487 U.S. at 49. While Plaintiff is correct that the *West* Court found the defendant/respondent physician's actions were fairly attributable to the

state, that doesn't make the case uncitable here for its recitation of the legal standard.

Third, Plaintiff objects to the FCR's finding that Plaintiff has not alleged sufficient facts to show that that the Defendants here acted under color of state law. ECF No. 18 at 2–4. Plaintiff's third Objection is **OVERRULED**. The FCR found that Securus and its employees are not state actors simply because they contract with TDCJ, noting that courts routinely hold the same. ECF No. 17 at 4. Plaintiff's Objection does not specifically challenge this finding. The FCR is correct. Securus and its employees are not state actors who can be held liable in a civil rights lawsuit under Section 1983 merely because they contract with TDCJ. *See Aguirre v. Securus Tech.*, No. 6:24-CV-141, 2024 WL 5151140, at *2 (E.D. Tex. July 29, 2024), *report and recommendation adopted,* No. 6:24-CV-141, 2024 WL 5145953 (E.D. Tex. Dec. 17, 2024) (collecting cases).

The Objection does specifically argue that Plaintiff alleged the Defendants are in a conspiracy with prison guards, meaning their actions were under color of state law. ECF No. 18 at 2–4. However, "allegations of a conspiracy between private and state actors require[] more than conclusory statements," to support a Section 1983 claim against the private actors. *Rivera v. Kalafut*, 456 F. App'x 325, 327 (5th Cir. 2011) (internal marks omitted). Plaintiff's allegations of conspiracy are conclusory at best. *See* ECF No. 1 at 6 ("Lt. Clark and other officers had conspired with this Securus employee to deny me my property violating due process."); ECF No. 1 at 7 ("This is a . . . conspiracy to deprive and without due process."); ECF No. 16 at 2 ("[John Doe] conspire[ed] with prison guards to deprive me of things that I paid for."). These conclusory statements are insufficient to support Plaintiff's Section 1983 claims against Securus and its employee.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is

therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

January 26, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE